PAMELA S. HOWLAND
Idaho State Bar No. 6177
BRENDA BAUGES
Idaho State Bar No. 8185
IDAHO EMPLOYMENT LAWYERS, PLLC
1116 S. Vista Ave. #474
Boise, ID  83705
Telephone (208) 484-8921
Facsimile: (208) 534-7445
Email: phowland@idemploymentlawyers.com
         bbauges@idemploymentlawyers.com

Attorneys for US Ecology, Inc., Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE ZURITA, an individual, | Case No. |
| Plaintiff, | |
| | **DEFENDANT'S NOTICE OF REMOVAL** |
| vs. | **(Federal Question)** |
| US ECOLOGY, INC., a Delaware Corporation, | **(From Fourth Judicial District, Ada County)** |
| Defendant. | **Case No. CV01-17-19684** |

**NOTICE OF REMOVAL - 1**

TO: The Honorable Judges of the U.S. District Court
for the District of Idaho

AND TO: Jose Zurita, Plaintiff

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant US Ecology, by and through its undersigned attorneys, hereby removes this action from the Fourth Judicial District Court of the State of Idaho, in and for the County of Ada, to this Court on the grounds of federal question. 28 U.S.C. §§ 1331, 1441(b). Accordingly, this matter should be removed.

The following statement is submitted pursuant to 28 U.S.C. § 1446(a).

## **Federal Question**

" Removal under 28 U.S.C. § 1441(b) is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. § 1331." *Hui See Tan v. Dolby Laboratories, Inc*., 2006 WL 463505 *1 (N.D. Cal. 2006). "Removal based on federal question-jurisdiction is proper when the face of the claim raises an issue of federal law." *Id.* (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). "If only one of several state claims satisfies the requirements for removal for federal question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction." *Id.* (citing 28 U.S.C. 1441(c)). "District courts have original jurisdiction over Title VII claims." *Id.* at *2 (citing 42 U.S.C.2000e-5(3)). As a result, removal based on federal-question jurisdiction is proper when the face of plaintiff's complaint raises an issue of federal law. *Id*.

**State Court Proceedings**

Plaintiff filed his Complaint against Defendant in the Fourth Judicial District Court of the State of Idaho, Ada County, designated as Case No. . CV01-17-19684 on or about October 23, 2017.  *See* Exhibit A, Declaration of Pamela S. Howland, dated March 4, 2018 ("Howland Decl.") at ¶ 2.  Defendant accepted service on or about February 7, 2018.  *Id*. at Ex. B.

The Complaint and Demand for Jury Trial alleges the following cause of action: (1) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); (2) hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); (3) retaliation in violation of the Idaho Human Rights Act, I.C. § 67-5911; (4) harassment/hostile work environment under the Idaho Human Rights Act, I.C. § 67-5901; and (5) negligent infliction of emotional distress.   *See* Complaint at ¶¶ 27-48.

On March 1, 2018, Defendant moved to dismiss Plaintiff's claims as untimely.   A true and correct copy of the docket is attached as Exhibit D. The pleadings related to the motion to dismiss are attached as Ex. C.

**Amount in Controversy**

The Complaint does not specify a dollar amount of the damages Plaintiff seeks.  *See* Complaint page 8, Prayer for Relief.  Although Defendants dispute any liability, a reasonable person reading the Complaint would conclude, and Defendant has a good faith belief, that Plaintiff seeks damages in an amount that exceeds the jurisdictional amount of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought.

Plaintiff asserts a claim under Title VII and the IHRC.  Complaint ¶¶ 27-48.  Plaintiff's Prayer for Relief seeks:

        a.     Actual and compensatory damages.

        b.     Attorney's fees and costs.

*See* Complaint pp. 8-9.

## Removal

This Court has original jurisdiction over this civil action because, based on Plaintiff's Complaint, this case involves allegations that Defendant violated Title VII. Pursuant to 42 U.S.C.§ 2000e-5(3), the federal district courts has original jurisdiction over Title VII claims. *Id*.

This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Ada County state court case is pending. *See* 28 U.S.C. § 1441(a).

This Notice of Removal is being timely filed within 30 days of February 7, 2018, when Defendant accepted service of the initial pleading upon which this removal is based. *See* 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Ada County District Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendants have served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

Dated this 4th day of March, 2018.

By:*/s/Pam Howland*
Pam Howland
*Attorneys for Defendant US Ecology, Inc.*

-5-

## DECLARATION OF SERVICE

I hereby certify that on this 4th day of March, 2018, I caused to be served the foregoing Notice of Removal via the Court's ECF electronic filing system, on the following:

| | |
|---|---|
| William H. Thomas | [ ] U.S. Mail, Postage Prepaid |
| Thomas, Williams & Park, LLP | [ ] Express Mail |
| 225 N. 9th St., Ste. 810 | [ ] Hand Delivery |
| P.O. Box 1776 | [ ] Fax (208) 726-1187 |
| Boise, Idaho 83701-1776 | [X] Email |
| Fax: 208-345-7894 | |
| wmthomas@thomaswilliamslaw.com | |

By /s/ Pam Howland
*Attorney for Defendant, US Ecology, Inc.*