WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th St., Ste. 810
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JOSE ZURITA, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. ECOLOGY, INC., a Delaware Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 1:18-cv-00110-EJL<br><br>**AMENDED COMPLAINT WITH JURY DEMAND** |

Jose Zurita ("Mr. Zurita" or "Plaintiff") for his complaint against U.S. Ecology, Inc. ("Defendant"), claims and alleges:

**NATURE OF THE CLAIMS**

This suit is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981 by Mr. Zurita, a Mexican-American, who was employed by Defendant as a payroll specialist.  Mr. Zurita suffered from longstanding and pervasive discrimination by Defendant.  Plaintiff alleges Defendant created, maintained and failed to correct a known hostile work environment based on race and national origin and fired

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 1

him for his reports of unlawful discrimination.  Plaintiff seeks all available remedies including equitable relief, damages, attorneys' fees, costs and interest.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

2. The acts alleged occurred in Ada County, Idaho and gave rise to the claims.  The employment practices alleged to be unlawful were committed in this jurisdiction and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a) (3) and under D.Id.LCiv.R. 3.1.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and on July 24, 2017, received a Notice of Suit Rights from the EEOC.  Plaintiff filed this Complaint in October 23, 2017, within 90 days of the receipt of the Notice of Suit Rights.  The original complaint was filed in the District Court of the Fourth Judicial District of the State of Idaho, County of Ada.

## PARTIES

4. Mr. Zurita resides in Ada County, Idaho, and was employed by Defendant beginning in October 2014.

5. February 15, 2016, Defendant wrongfully fired Mr. Zurita from his employment, in violation of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 ("§ 1981.

6. Defendant US Ecology, Inc., is, upon information from the Idaho Secretary of State, a Delaware Corporation and doing business in Boise, Idaho at 251 E. Front St., Ste. 400.

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 2

US Ecology, Inc., is and was an "employer" as that term is defined in 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5).

## FACTUAL ALLEGATIONS

7. Plaintiff was retaliated against, discriminated against, and subjected to a hostile work environment because of his race, national origin and culture. Defendant violated Title VII, and § 1981.

8. Plaintiff has been subjected to discrimination and retaliated against on the basis of his Mexican national origin, his race and his values and beliefs arising from his Mexican culture.

9. Plaintiff was employed as a payroll specialist with Defendant from October 14, 2014 until February 15, 2016.

10. In November 2015, Defendant's Vice President of Human Resources, Betsy Sterk ("Ms. Sterk"), in front of Plaintiff, told Plaintiff's supervisor, Kristina Himes ("Ms. Himes"), Payroll & HRIS Manager, that she did not like Plaintiff; he was too compliant and withdrawn; and that he needed to be more aggressive and outgoing.

11. Plaintiff said he was just doing his job and the company should embrace diversity.

12. Subsequently, Ms. Sterk created a hostile work environment by mocking Plaintiff at staff meetings for his culturally determined demeanor.

13. Plaintiff reported to Ms. Himes that he was humiliated by Ms. Sterk's treatment. Ms. Himes discussed Plaintiff's complaint with Ms. Sterk. Shortly after, Plaintiff was removed from his office which was given to a newly hired employee.

14. Plaintiff was also reprimanded for not attending company-wide celebrations after he told his supervisor he did not publicly celebrate those occasions. He was told it would hurt

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 3

his position if he did not participate. Plaintiff was singled out even though other non-Mexican employees from other departments did not participate in the company-wide celebrations.

15. November 2015, Plaintiff was issued a warning for a payroll mistake on a new payroll process. He was told if he made another mistake, he would be terminated. He was treated differently than other payroll specialists whom were allowed to make multiple errors.

16. February 2016, Human Resource Manager, Marisa Brian ("Ms. Brian") verbally informed Plaintiff that he needed to prepare checks for terminated employees in Nevada but she was not sure of the exact date but would let him know. Ms. Brian did not tell Plaintiff the checks had to be processed the same day. Because of the miscommunication, the checks were not processed.

17. February 8, 2016, Plaintiff met with Ms. Himes to discuss the check incident and his performance. Plaintiff told Ms. Himes he was overwhelmed as he was training a new payroll specialist hired to replace the other minority payroll specialist Defendant had terminated. Plaintiff was also learning new payrolls and creating procedures for each payroll which was stressful.

18. Ms. Himes supervised other non-minority payroll specialists in other states that had made similar mistakes by not timely issuing payroll checks to be in compliance with state termination laws but were not terminated.

19. During the February 8, 2016 meeting, Plaintiff complained to Ms. Himes he felt that she and Ms. Sterk had created a hostile work environment because of his national origin.

20. Subsequently, Plaintiff returned to work and completed his payroll processing duties.

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 4

21. February 11, 2016, Ms. Himes met with Plaintiff and sent him home because she said he did not look well. Plaintiff did not want to take the time off, but Ms. Himes insisted. He then remained home from work for two days.

22. February 15, 2016, Defendant terminated Plaintiff's employment due to "poor work performance and not meeting the expectations" of his position.

23. Defendant's reasons for terminating Plaintiff were a pretext. Defendant was terminated in retaliation for telling Ms. Himes and Ms. Sterk having created a hostile job environment for Defendant based on his race and national origin.

24. Contrary to how other employees were treated who were also terminated for poor performance, Defendant denied Plaintiff a severance or bonus upon termination.

25. Additionally, Plaintiff was terminated a month prior to the payment of the 2015 discretionary bonuses. However, Plaintiff was still employed as of December 31, 2015, and had earned a bonus.

26. Until Plaintiff complained about discriminatory treatment he had received good performance reviews.

## FIRST CLAIM FOR RELIEF
### Violations of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. 2000(e) et seq., As Amended
### Unlawful Retaliation

27. Plaintiff re-alleges and incorporates by reference every allegation in each and every aforementioned paragraph as if fully set forth.

28. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e-(b).

29. Mr. Zurita reported violations of his civil rights and the discriminatory conduct directed towards him.

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 5

30. Mr. Zurita is an "employee" as defined by 42 U.S.C. § 2000e-(f).

31. Defendant, through the acts of the above-mentioned individuals, retaliated against Mr. Zurita by taking adverse action, including termination of his employment, because Plaintiff complained of workplace discrimination.

32. Defendant, through its employees and agents, was aware of the protected activity Mr. Zurita engaged in.

33. Defendant, through its agent and employees, took adverse action against Mr. Zurita and terminated his employment.

34. As a direct, foreseeable, and proximate result of Defendant's retaliation, as alleged above, Plaintiff has suffered and continues to suffer grievous and extensive damages, entitling Plaintiff to recover the following damages in amounts to be proven:

34.1  Lost past and future wages;

34.2  Lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits;

34.3  Past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

34.4  Under 42 U.S.C. 2000e-5(k), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; besides punitive damages.

## SECOND CLAIM FOR RELIEF
### Title VII, 42 U.S.C. § 2000e, et seq., as amended
### Hostile Work Environment

35. Plaintiff re-alleges and incorporates by reference every allegation in each and
AMENDED COMPLAINT WITH JURY DEMAND – PAGE 6

every aforementioned paragraph as if fully set forth.

36.  Defendant is an "employer" as defined by 42 U.S.C. § 2000e-(b).

37.  Defendant, through the acts of the above-mentioned individuals and Plaintiff's supervisors, created an abusive and hostile work environment in which Plaintiff was retaliated against because he reported unlawful discrimination by Plaintiff's supervisors and how they treated him differently.  Such actions were severe enough to alter Plaintiff's job and created a hostile working environment.

38.  As a direct, foreseeable, and proximate result of Defendant's actions, through the individuals identified herein, creating a hostile work environment, Plaintiff has suffered and continues to suffer grievous and extensive damages, entitling Plaintiff to recover the following damages in amounts to be proven:

38.1  Lost past and future wages;

38.2  Lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits;

38.3  Past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

38.4  Under 42 U.S.C. 2000e-5(k), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; besides punitive damages.

### THIRD CLAIM FOR RELIEF
### Discrimination in Violation of Title VII

39.  Plaintiff re-alleges and incorporates by reference every allegation in each and

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 7

every aforementioned paragraph as if fully set forth.

40. Mr. Zurita is a Mexican-American.

41. U.S. Ecology subjected Mr. Zurita to adverse employment actions including but not limited to mocking, exercising his cultural preferences, and being treated differently than his non-Hispanic peers.

42. These adverse employment actions materially affected his employment.

43. The decision to subject Mr. Zurita to one or more of these adverse employment actions was based on his race and/or national origin.

45. As a result of U.S. Ecology's discriminatory conduct, Mr. Zurita has been damaged. He is entitled to recover all resulting damages including lost pay and benefits, future lost pay benefits and emotional distress.

46. Plaintiff is also entitled to all reasonable attorneys' fees and costs incurred in bringing this action.

## FOURTH CLAIM FOR RELIEF
**Unlawful Retaliation in Violation of 42 U.S.C. § 1981**

47. Plaintiff re-alleges and incorporates by reference every allegation in each and every aforementioned paragraph as if fully set forth.

48. Mr. Zurita reported discrimination and harassment in violation of 42 U.S.C. § 1981 in good faith to Ms. Himes. Specifically, he reported that Ms. Himes and Ms. Sterk had created a hostile work environment because of his national origin.

49. Defendant's retaliation and ultimate termination of Mr. Zurita is causally linked to his protected activity.

50. Mr. Zurita has been damaged as a result of Defendant's retaliation. He is entitled

to recover all resulting damages including lost pay and benefits, future lost pay and benefits, and emotional distress.

51. Plaintiff is also entitled to all reasonable attorneys' fees and costs incurred in bringing this action.

### FIFTH CLAIM FOR RELIEF
### Unlawful Violation of 42 U.S.C. § 1981

52. Plaintiff re-alleges and incorporates by reference every allegation in each and every aforementioned paragraph as if fully set forth.

53. Mr. Zurita is a Mexican-American.

54. Defendant's employees knew Mr. Zurita was harassed due to his ancestry or ethnic characteristics and failed to take adequate remedial measures to end the harassment, which was sufficiently severe and/or pervasive to create a discriminatory hostile work environment.

55. Defendant failed to ensure a harassment-free workplace and failed to take appropriate remedial measures to prevent ongoing harassment.

56. Defendant subjected Mr. Zurita to adverse employment actions based on his race and/or national origin including firing him.

57. Defendant's intentional violations of §1981 materially affected Plaintiff's employment.

58. Mr. Zurita has been damaged as a result of Defendant's discriminatory conduct and its failure to promptly remedy the known harassment. He is entitled to recover all resulting damages including lost pay and benefits, future lost pay and benefits, and emotional distress.

59. Plaintiff is also entitled to all reasonable attorneys' fees and costs incurred in bringing this action.

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 9

60. Mr. Zurita is also entitled to punitive damages as Defendant's employees acted maliciously or with reckless disregard to his rights.

### SIXTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

61. Defendant's, through the individuals identified herein, conduct was extreme, outrageous and reckless and such conduct caused Plaintiff extreme emotional distress.

62. Defendant's actions in terminating Plaintiff's employment is negligent and caused such physical symptoms including but not limited to headaches, anxiety and sleeplessness.

63. As a direct and proximate result of Defendant's negligent infliction of emotional distress, Plaintiff suffered damages in an amount to be proven at trial.

### PRAYER

WHEREFORE, Plaintiffs request this relief:

1. Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

2. Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

3. Under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, Fed.R.Civ.P 54, I.C. § 12-120(3), I.R.C.P., Rule 54, reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

AMENDED COMPLAINT WITH JURY DEMAND – PAGE 10

4. A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

DATED this 2nd day of July, 2018

                                    THOMAS, WILLIAMS & PARK, LLP

                                    */s/ William H. Thomas*
                                    William H. Thomas
                                    Attorney for Plaintiff